UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE HINSON, | ) | 1:09-CV-1293 AWI SMS (HC) |
| | ) | |
| Petitioner, | ) | ORDER ON FINDINGS AND |
| | ) | RECOMMENDATION AND REFERRING |
| | ) | PETITION BACK FOR FURTHER |
| | ) | FINDINGS |
| v. | ) | |
| | ) | (Doc. No. 12) |
| | ) | |
| | ) | |
| JAMES D. HARTLEY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner specifically challenges the denial of a parole date by then Governor Arnold Schwarzenegger.

On March 24, 2010, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On April 6, 2010, Petitioner filed timely objections to the Findings and Recommendation. On April 15, 2010, Petitioner filed a motion to correct an omission in his objections. Petitioner argues that his due process rights were violated because there is not "some evidence" to support the Governor's finding of current dangerousness. Petitioner also objects that his petition argued that the Governor exceeded his authority such that Petitioner was denied due process, but the Findings did not address this point.

On January 24, 2011, the Supreme Court held that the liberty interest at issue in parole cases is the interest in receiving parole when the California standards for parole have been met, and the "minimum procedures adequate for due process protection of that interest are those set forth in [Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)]." Swarthout v. Cooke, ___ U.S.___, ___ S. Ct. ___, 2011 U.S. LEXIS 1067, *7 (Jan. 24, 2011). *Swarthout* explained that no Supreme Court opinion "supports converting California's 'some evidence' rule into a substantive federal requirement." Id. "Because the only federal right at issue is procedural, the relevant inquiry is what process [the Petitioner] received, not whether the state court decided the case correctly." Id. at *9; Smiley v. Hernandez, 2011 U.S. App. LEXIS 1943 (January 28, 2011). If a petitioner receives the minimal procedural requirements of *Greenholtz*, i.e. an opportunity to be heard and a statement of the reasons why parole was denied, then the federal Due Process Clause will have been satisfied and federal review ends. See Swarthout, 2011 U.S. LEXIS 1067 at *6-*7.

The Court believes that consideration of the impact of *Swarthout* on the Findings and Recommendation is appropriate. Additionally, Petitioner's second ground for relief should be expressly addressed.

Accordingly, IT IS HEREBY ORDERED that:
1. The Findings and Recommendation issued March 24, 2010, are NOT ADOPTED at this time; and
2. Petitioner's petition is referred back to the Magistrate Judge for consideration of what effect Swarthout v. Cooke, ___ U.S.___, ___ S. Ct. ___, 2011 U.S. LEXIS 1067 (Jan. 24, 2011) has on this petition.

IT IS SO ORDERED.

Dated:   February 8, 2011

CHIEF UNITED STATES DISTRICT JUDGE