# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HINSON, | 1:09-cv-01293-AWI-SMS (HC) |
|     Petitioner, | SUPPLEMENTAL FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| JAMES D. HARTLEY, | [Doc. 15] |
|     Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on July 24, 2009.  Petitioner challenges Governor Schwarzenegger's February 22, 2007, decision reversing the California Board of Parole Hearings' 2006 finding that Petitioner was suitable for release.

    On March 24, 2010, the undersigned issued Findings and Recommendation to deny the petition for writ of habeas corpus and enter judgment in favor of Respondent.  Petitioner filed objections on April 6, 2010, and supplemental objections on April 15, 2010.

    On February 8, 2011, the Honorable Anthony W. Ishii, referred the petition back to the undersigned to address the potential impact of the Supreme Court's January 24, 2011 decision in Swarthout v. Cooke, __ U.S. __, 131 S.Ct. 859 (2011) on his claim that the Governor exceeded his authority resulting in a due process violation.

## DISCUSSION

The Federal Constitution does not create a right to be conditionally released prior to the expiration of a valid sentence. However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979). California's parole statutes allow the Board of Prison Hearings to release inmates on parole unless there is "some evidence" of the inmates current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-1206 (2008). The Board's decision may be affirmed, modified or reversed by the Governor within thirty days, Cal. Penal Code § 3041.2, "on the basis of the same factors which the parole authority is required to consider," set forth in a report, "stating the pertinent facts and reasons for the action." Cal. Const. art. V, § 8(b).

In Swarthout v. Cooke, the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S.Ct at 862. Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to support the parole board's decision. Id. Rather, this Court's review of parole determinations is limited to whether the "minimal" procedural protections set forth in Greenholtz were meet, that is "an opportunity to be heard and a statement of the reasons why parole was denied." Id. at 862.

In this case, Petitioner was present with counsel at the October 3, 2006 parole hearing, he was afforded access to his record in advance, he was allowed to participate in the hearing, and although the Board found him eligible for parole, Governor Schwarzenegger after considering the same factors as the Board, namely, the circumstances of the commitment offense, prior criminal history, institutional behavior, vocational training, self-help programming, family support and parole plans, simply disagreed in a statement of reasons that such factors indicated he no longer remained an unreasonable risk to public safety if released. (See Pet. Ex. E.) Pursuant to the Supreme Court's decision in Swarthout, federal due process requires no more. Therefore, Petitioner's claim the Governor exceeded his authority resulting in a due process violation is

without merit.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **March 10, 2011**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE